STULMULLER, ADM'R, v. CLOUGHLY.

1. **Married Women**: ESTATES OF: ELEMENTS OF DAMAGE: INSTRUCTION. In an action by an administrator to recover damages for wrongfully causing the death of the intestate, a married woman, it was error to instruct the jury that the damages should be ascertained and assessed, as though the deceased had been an unmarried woman. The elements of damage are not the same in both cases, and the damage accruing to the estate of a married woman, by reason of a wrongful act causing her death, should not be assessed as though she were unmarried.

*Appeal from Cass Circuit Court.*

TUESDAY, JUNE 13.

THE defendant is a physician and, as such, undertook the treatment of Emma Stulmuller. The plaintiff claims because the defendant failed to treat said Emma with ordinary skill and by reason of his negligence she died. Trial by jury, verdict for the plaintiff for $4,500, and defendant appeals.

*Nichols & Stotts* and *John W. Scott*, for appellant.

*J. M. & R. W. Griggs* and *L. L. Delano*, for appellee.

SEEVERS, CH. J.:—The deceased, Emma Stulmuller, was the wife of the plaintiff, who administered on her estate, and this action is brought to recover such damages as accrued to the estate by the wrongful act of the defendant in causing the death of the deceased. The evidence tending to show whether the deceased was engaged in any business separate and apart from her husband is as follows:

1. MARRIED women: estates of: elements of damage: instruction.

"After we were married she was making dresses for the neighbors around, when they wanted some, and keeping house. She was a good house keeper and was capable of doing house work. She could teach school, or make dresses or keep house any way. To keep the house the way she has been was worth five dollars per week. Well, as for dress making I don't know hardly how much she did make; I couldn't say how much she could make in dress making; she has made dresses; I don't know how much she did make."

The court instructed the jury as follows:

"IV. If the plaintiff has shown a right to recover anything, he ought to be allowed such sum as the estate of the decedent has suffered, if anything, by her premature death. Nothing ought to be allowed the plaintiff on account of his having been the husband of the deceased, or on account of his bereavement. It is only the pecuniary injury to her separate estate that can be considered. In determining this you may take into account the age, health, habits and education of the deceased, her expectancy of life and her degree of ability to perform various kinds of labor and earn money. Whatever her husband may suffer, if anything, from her loss as a housekeeper or a companion, cannot be considered, nor can the manner in which his estate or prospects in life will be affected, if at all, by her death be considered.

The question is what, if anything, would she, if she had lived, have probably added to her own separate estate by her work or otherwise, and what would her services have been worth to that estate in its management and care.

"V. If the decedent's life was shortened by any want of ordinary skill on defendant's part, the damages, if any, thus caused will belong to her separate estate and should be assessed the same as though she had been an unmarried woman. You should, as before stated, take into account her age, health, habits, education, her expectancy of life and her degree of ability to perform various kinds of labor and earn money, and whatever would probably have accumulated, if anything, of such earnings after paying the individual living expenses of the deceased, will represent the damages which her estate suffered by her death."

A married woman may or may not have a separate estate, and she may or may not have such an expectancy. That is, if the estate has been acquired by her personal labor it must have been in some business separate and apart from the business of her husband. This is also true as to an expectancy, if it is to be acquired by the personal labor of a married woman.

Conceding the evidence tends to show the deceased was engaged in such a business or had the opportunity and capacity to do so, should the jury have been directed to ascertain and assess the damages sustained by the deceased's estate as though she were unmarried. This would no doubt be true if the elements of damages are the same in both cases. But is this so? If the deceased had been unmarried the damages to her estate would have been the pecuniary value of her whole life. This would not be so as to a married woman. To illustrate: the former would be entitled to her whole earnings, present and prospective, and to the acquisition of property her whole time could be legitimately devoted.

The time of a married woman is not exclusively her own, but a portion of it at least must be ordinarily devoted to the care of the family and in aiding her husband to make a living and the accumulation of property. Such property would not belong to the estate of the wife should she die before her husband, but to her husband's estate whether he died before or af-

ter she did. The damages accruing to the estate of a married woman because of a wrongful act which causes her death should not therefore be assessed on the same basis as though she were unmarried.

It is true the court directed the jury that the damage sustained by the deceased's husband because of his loss of a housekeeper should not be allowed, but that the question for them to consider was what, if anything, would she "have probably added to her separate estate by her work or otherwise." What work did the court mean, or should the jury have reasonably understood it to mean? None other we think that such as the deceased could have done and received compensation for had she been unmarried. Whether the deceased was engaged in a separate business, was capable, or so situated, that she could reasonably engage in such business and thereby accumulate an estate separate and apart from her husband are immaterial under the instructions. We think the matters just stated are of vital importance touching the extent of the recovery.

Counsel for the appellee seem to rely greatly on *Sherman v. The Western Stage Co.*, 24 Iowa, 514. It is sufficient to say the point now determined was not made or passed upon in that case. Counsel for the defendant insist that under the evidence the plaintiff was not entitled to recover because there was no evidence tending to show the deceased had or could probably have acquired a separate estate. As to this question we are not entirely agreed and as the necessity for determining it may not exist after a retrial we prefer not to determine it now.

REVERSED.